IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY BERNARD THOMAS,

    Plaintiff,

v.                                                        CASE NO. 1:22-cv-79-AW-GRJ

RYAN NAGEL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This civil rights case is before the Court because *pro se* in forma pretrial detainee plaintiff Anthony Bernard Thomas ("Thomas") failed to respond to the Court's Show Cause Order, directing Thomas to explain why this case should not be dismissed. *See* ECF No. 7. Upon due consideration, the undersigned respectfully **RECOMMENDS** that this case should be **DISMISSED without prejudice** for failure to prosecute and for failure to comply with an order of the court.

### I.    BACKGROUND FACTS

Thomas commenced this action on March 31, 2022, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. On April 4, 2022, the Court granted Thomas's motion for leave to proceed as a pauper. ECF No. 4. The Court also directed Thomas to cure the deficiencies in his

Complaint as detailed by the Court. *Id*. On May 10, 2022, Thomas filed an Amended Complaint, ECF No. 5, but the complaint still failed to state a claim upon which relief could be granted. Because Thomas is proceeding *pro se*, the Court gave him a final opportunity to amend his pleading or face dismissal. ECF No. 6.

After Thomas failed to file a second amended complaint by the court-ordered deadline, the Court issued a Show Cause Order, ECF No. 7, giving Thomas until July 27, 2022, to amend his complaint and to show cause why his case should not be dismissed. In that Order, the Court warned Thomas that failure to amend by July 27, 2022, would result in a recommendation that this case be dismissed for failure to prosecute and for failure to comply with a court order. ECF No. 7 at 2-3. The deadline has passed, and Thomas has not responded.

In his First Amended Complaint, Thomas discloses that he has not been convicted of the state charges about which he complains in this lawsuit.[1] ECF No. 5 at 6. His allegations are as follows: Defendant

---

[1] Thomas did not provide the Court with the case number for his pending state court criminal case. A review of the online court records for Alachua County shows that jury selection is scheduled for September 27, 2022, in *State of Florida v. Anthony Thomas*, Case No. 01-2020-CF-001532A. To the extent that Thomas seeks relief related to that case, the Court must abstain under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746 (1971). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997).

Gainesville City police officers Dimitri Wilson, Lionel Ortiz-Perez, Ronald Pinkston, Roger Pare, and Amanda Rodonis violated Thomas's constitutional rights by falsifying the reports used to support probable cause to arrest him and by withholding exculpatory evidence that would have established that no probable cause existed.  ECF No. 5 at 6.  Thomas further alleges that Defendant Assistant State Attorney Ryan Nagel did not conduct an investigation into his alleged crimes and "omitted exculpatory evidence."  *Id*.  Finally, Thomas says that he was "severely injured" during his apprehension, and that unnamed police officers "illegally performed a search and seizure and processed the seized items without [Thomas's] knowledge or consent."  ECF No. 5 at 7.  For relief, Thomas seeks $2 million in compensatory and punitive damages against all Defendants in their individual capacities.

## II.   DISCUSSION

In the case at hand, Thomas has been given three (3) opportunities to amend his deficient complaint.  Although he took advantage of one of those opportunities, Thomas failed to amend his pleading in conformance

---

"The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n.7 (11th Cir. 2004) (citation omitted).
.

3

with the Court's clear instructions on how to do so.  *See* ECF No. 4 (outlining deficiencies with each cause of action alleged in the Complaint); ECF No. 6 (outlining pleading requirements for each asserted cause of action).  Because Thomas has not responded to the Show Cause Order, he is deemed to have abandoned this case.

Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to prosecute or abide by court orders or the Federal Rules of Civil Procedure. *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule.") (citations omitted); *Smith v. HSBC Bank USA, Nat'l Ass'n*, 679 F. App'x 876, 879 (11th Cir. 2017) (per curiam) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.") (citation omitted). "[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483

(11th Cir. 2006) (*citing Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted), this does not extend to a pro se litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. *See, e.g., Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802-03 (11th Cir. 2006) (per curiam) (affirming sua sponte dismissal of *pro se* action for failure to prosecute/obey a court order.). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is" permitted. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

In the instant action, Thomas failed to comply with two court orders warning him that failure to amend his pleadings in accordance with the court's instructions by the court-imposed deadlines would result in dismissal of his case without further notice. In the face of the Court's final warning, Thomas did nothing. Accordingly, under the circumstances, the Court finds that no alternatives short of dismissal will suffice. *See, e.g., Tucker v. Watson*, No. 1:21-cv-215-AW-GRJ, 2022 WL 1913014, *2 (N.D.

Fla. Apr. 29, 2022), report and recommendation adopted at 2022 WL 191021 (Jun. 2, 2022); *Hill v. Dunn*, No. 1:17-305-KD-N, 2020 WL 428121, *3 (S.D. Ala. Jan. 27, 2020) (finding no alternatives short of *sua sponte* dismissal would suffice where *pro se* plaintiff abandoned his case).

Before dismissing a case, courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). Generally, the statute of limitations for claims under Section 1983 in Florida is four years. *Id.* ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Here, Thomas does not cite to any date in either his initial complaint or in his amended complaint, so the Court cannot precisely ascertain whether his claims might be barred.  *See* ECF Nos. 1, 5.  However, the Arrest Form in Thomas's state court case is dated May 22, 2020.  Presumably, then, the events giving rise to this lawsuit occurred in early 2020.  If that is the case, notwithstanding *Younger,* the statute of limitations would not bar Thomas's claims were he to re-file prior to the expiration of the statute of limitations in 2024.

### III.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for failure to prosecute and for failure to comply with a court order.

**IN CHAMBERS** in Gainesville, Florida this 8th day of August 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PLAINTIFF

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If Plaintiff fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, Plaintiff waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.